COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


JOHN E. WIGFALL
                                        MEMORANDUM OPINION[*]
v.   Record No. 0403-98-4                   PER CURIAM
                                          JUNE 23, 1998
RAINBOW INDUSTRIES, INC.
AND
PROVIDENCE WASHINGTON INSURANCE COMPANY


        FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Matthew H. Swyers; Koonz, McKenney, Johnson,
            DePaolis & Lightfoot, on brief), for
            appellant.  Appellant submitting on brief.

            (Susan L. Mitchell; John K. Coleman; Slenker,
            Brandt, Jennings & Johnston, on brief), for
            appellees.  Appellees submitting on brief.


        John E. Wigfall ("claimant") appeals a decision of the

Workers' Compensation Commission ("commission") denying his

application for permanent partial disability benefits and medical

benefits for his right knee condition.  Claimant contends that

(1) by examining the sufficiency of certain medical records, the

commission violated the doctrine of res judicata; and (2) the

commission erred in finding that he failed to prove that his

right knee condition was causally related to his July 17, 1995

injury by accident.  Finding no error, we affirm.

### Res Judicata

        Claimant's December 31, 1996 application, supplemented on

April 10, 1997, sought permanent partial disability benefits for

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

impairment to claimant's right lower extremity. The issue presented by that application was not, and could not have been, previously litigated and determined as to these parties. The prior agreements between the parties and the commission's December 14, 1995 and December 12, 1996 awards pertained only to benefits for claimant's left medial meniscus injury. Therefore, the doctrine of res judicata did not bar the commission from considering the medical records in order to determine whether claimant's right knee condition was causally related to his compensable July 17, 1995 injury by accident.

### Causation

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). Unless we can say as a matter of law that claimant's evidence sustained his burden of proof, the commission's findings are binding and conclusive upon us. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

In denying claimant's application, the commission found as follows:

> From this record, we find the evidence fails to establish that the claimant's right knee condition is causally related to the compensable accident which the claimant suffered on July 17, 1995. The contemporaneous medical reports fail to mention a right knee complaint. While Dr. [Drago] Smokvina noted the left knee injury as well as a "similar problem" in the right knee, his reports are internally contradictory regarding the etiology of right

-2-

knee complaints.  In view of the
inconsistencies in the medical record
regarding the onset of right knee symptoms,
we do not find Dr. Smokvina's September 22,
1996, report persuasive.

Based upon Dr. Smokvina's conflicting statements and the lack of any contemporaneous complaints of right knee symptoms, the commission was entitled to give little weight to Dr. Smokvina's opinion.  "Medical evidence is not necessarily conclusive, but is subject to the commission's consideration and weighing."  Hungerford Mechanical Corp. v. Hobson, 11 Va. App. 675, 677, 401 S.E.2d 213, 215 (1991).  Absent Dr. Smokvina's opinion, there is no persuasive medical evidence that claimant's right knee symptoms were causally related to his compensable July 17, 1995 injury by accident.  Accordingly, we cannot say that claimant's evidence sustained his burden of proof as a matter of law.

For these reasons, we affirm the commission's decision.

Affirmed.